Holland v. John.

BERNARD HOLLAND, complainant and respondent,

v.

AUGUSTUS F. JOHN, defendant and appellant.

[Filed March 5th, 1900.]

A voluntary deed and assignment made by a woman eighty years old, paralyzed and childish, to a young man of no kin to her who lived with and had complete control over her, set aside.

On appeals from decrees advised by Vice-Chancellor Reed, who delivered the following conclusions:

These cases involve the same question.

The first is a suit by the complainant, as heir of Annie Burns, to set aside certain conveyances made by Annie Burns to the defendant; and the second is a suit by the complainant, as administrator of Annie Burns, to set aside an assignment of a mortgage made by Annie Burns to the same defendant.

Annie Burns owned three pieces of real estate in Camden. She owned a three-story frame building, used as a store and dwelling, on the corner of Third and Mechanic streets; she also owned a three-story frame building, used as a store and dwelling, on Mechanic street, east of Third street; she also owned a two-story brick dwelling on Chew street.

These properties seem to have been free from encumbrances. She also owned, with other personal property, a mortgage made to her and her husband in his lifetime, by one Davis, to secure $800.

The husband of Annie Burns died some eight or nine years ago. She had no children living, but had one living brother, and the children of two deceased brothers. She lived alone in one or the other of her two houses and stores, at different times, in Mechanic street.

In 1894 she became acquainted with the defendant, a young man, who was an agent of a life insurance company, who met her while collecting weekly premiums for his company.

The result of their acquaintance was that he made his home with her.

On August 14th, 1894, she made an agreement with him, by the terms of which he agreed to board her and pay for her washing so long as she chose to reside with him; and if she should choose to reside elsewhere, then, according to the terms of the agreement, he was to pay her $10 a month, so long as she should live. She, in consideration of this, agreed to convey to him the property secondly above described, on Mechanic street, with all the household goods in the said premises. This agreement was executed in the presence of and witnessed by the counsel for complainant.

. Annie Burns let the defendant have the store in the premises, and afterwards let him have $700 to start him in the saloon business in Gloucester City. Both businesses were failures.

On March 29th, 1897, she conveyed to him the three properties already mentioned; and on July 19th, 1898, she assigned to him the Davis mortgage. She died February 8th, 1898, over eighty years of age.

The consideration mentioned in each of the first and second deeds was $1,000, and in the third deed $600.

After the defendant opened his saloon in Gloucester, he married, and he took Annie Burns to live with him and his wife, at that place, whence he returned with her to Camden, residing there until her death, in her property, 318 Mechanic street. From the time he went to live with her, he seems to have taken charge of her property affairs, obtained money from her whenever he chose, and spent the money with entire freedom.

In respect to the deed made in pursuance of the agreement made in August, 1894, I am of the opinion that it should stand. At that time she seems to have been competent to transact business. The agreement was to convey for a consideration, and does not stand upon the footing of a pure gift. It is not obviously improvident, and the proof of undue influence is not clear.

But the subsequent conveyances in 1897 and the assignment of 1898 were pure gifts. They were made by a woman eighty years of age, afflicted with palsy, under the complete control of the defendant. She was like a child, cared for and secluded like a child, and was obedient to every word of the defendant, who treated her exactly as a child. The defendant was a good-

natured improvident man, fond of drink—indeed boozy at the hearing—who was obviously chronically in need of money. He undoubtedly got what money the old woman had in the bank; he wanted the property and it is to my mind certain that he urged and cajoled the old woman into making these transfers, in a way, which, under the circumstances, amounted to undue influence.

I will advise a decree setting aside the conveyances and assignment of mortgage, other than the one made in 1894.

*Mr. John H. Fort* and *Mr. John L. Semple,* for the appellant.

*Mr. John F. Harned,* for the respondent.

PER CURIAM.

The decrees appealed from must be affirmed, for the reasons given by Vice-Chancellor Reed for advising them.

*For affirmance*—THE CHIEF-JUSTICE, DEPUE, VAN SYCKEL, GUMMERE, LUDLOW, ADAMS, BOGERT, HENDRICKSON, VREDEN-BURGH—9.

*For reversal*—DIXON, GARRISON, LIPPINCOTT, COLLINS, NIXON—5.